UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN GONZALEZ,

                        Petitioner,

-against-

SUPERINTENDENT OF FIVE POINTS,

                        Respondent.

19-CV-1084 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Petitioner, currently incarcerated at Five Points Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus*, challenging the constitutionality of his judgment of conviction rendered in the New York Supreme Court, Sullivan County, on March 5, 2014.[1] Petitioner was convicted of assault in the first degree, assault in the second degree, resisting arrest, and criminal mischief in the fourth degree. *See People v. Gonzalez*, 28 N.Y.S.3d 919, 920 (3d Dep't Apr. 28, 2016). By order dated March 20, 2019, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner to show cause within sixty days of the date of this order why this application should not be denied as time-barred.

## DISCUSSION

**A.    Designation of Application as Petition under 28 U.S.C. § 2254**

      Petitioner brings his claims for relief on the Northern District of New York's form petition for actions under 28 U.S.C. § 2241. (ECF No. 1 at 1.) But he also attaches to the form petition another document that he titles as a petition for a writ of *habeas corpus* under 28 U.S.C.

---

[1] Petitioner initially filed this action in the United States District Court for the Northern District of New York, and on January 24, 2019, that court transferred the action here. *See Gonzalez v. Superintendent of Five Points Corr. Fac.*, No. 18-CV-1490 (DNH/DJS) (N.D.N.Y. Jan. 24, 2019).

§ 2254. (*Id*. at 10.) As Petitioner is challenging "the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," this application is properly brought under § 2254. Therefore, this application is designated as a petition under § 2254.

Because Petitioner submits papers indicating that he is seeking relief under both § 2241 and § 2254, in an abundance of caution, the Court grants Petitioner an opportunity to clarify his intent. If Petitioner does not want to pursue relief under § 2254, he may notify the Court in writing within sixty days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *Cook*, 321 F.3d at 282. Petitioner will have one opportunity within the limitations period for a full adjudication of his claims. If Petitioner does not inform the Court of his intent within sixty days, the application shall remain designated as a petition under § 2254.

**B.    Applicable Statute of Limitations**

Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

It is unclear whether the petition for a writ of *habeas corpus* is timely. Petitioner alleges that he was convicted and sentenced on March 5, 2014, in the Sullivan County Supreme Court. Subsequently, the New York Supreme Court, Appellate Division, Third Department ("Appellate Division"), affirmed the conviction on April 28, 2016. *See People* 28 N.Y.S.3d at 920. Petitioner

alleges that the New York Court of Appeals ("Court of Appeals") – the state highest court – denied him leave to appeal, but he asserts that he does not know the date of the decision. Petitioner also alleges that in July 2018, he filed a postconviction motion in the Sullivan County Supreme Court, under N.Y. Crim. P. L. § 440.10, which was denied on August 15, 2018. Petitioner placed this petition in the prison mailing system on December 3, 2018. Because Petitioner does not provide the date the Court of Appeals denied him leave to appeal, the Court is unable to determine when Petitioner's one-year statute of limitations period began to run and whether the petition is timely.

Under the Antiterrorism and Effective Death Penalty Act of 1996, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

The Court is also unable to determine whether the one-year statute of limitations had already expired by the time Petitioner filed his postconviction motion under N.Y. Crim. P. L. § 440.10, or if the state-court motion tolled the limitations period.

**B.     Show Cause**

The Court grants Petitioner sixty days' leave to provide information to the Court showing that this application should not be denied as time-barred. Petitioner may do so using the attached

3

declaration form. Should Petitioner decide to submit a declaration, he must provide the date the Court of Appeals denied him leave to appeal so that the Court can determine when the statute of limitations began running and if the petition is time-barred. If Petitioner is filing this petition after the expiration of the statute of limitations, he must allege facts showing why this petition should not be denied as time-barred.[2] Petitioner should allege any facts demonstrating that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition before the expiration of the statute of limitations on March 12, 2010. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to designate this application on the docket as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. If Petitioner does not want to pursue relief under § 2254, he may notify the Court in writing within sixty days that he wishes to withdraw the application. If Petitioner does not inform the Court of his intent within sixty days, the application shall remain designated as a petition under § 2254.

If Petitioner chooses to proceed with this action, within sixty days of the date of this order, he must show cause why the petition should not be denied as time-barred. A declaration

---

[2] Petitioner should also include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. See 28 U.S.C. § 2244(d)(2).

4

form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, will order that the petition be served on Respondent. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 28, 2019
        New York, New York

                                          COLLEEN McMAHON
                                    Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address / City / State / Zip Code | |
| Telephone Number (if available) | E-mail Address (if available) |