USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/15/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Justin Gonzalez,                                          :
                                                          :
                         Petitioner,                      :          19-cv-1084 (NSR) (AEK)
                                                          :
          -against-                                       :          ORDER ADOPTING REPORT
                                                          :          AND RECOMMENDATION
SUPERINTENDENT,                                           :
FIVE POINTS CORRECTIONAL FACILITY,        :
                                                          :
                         Respondent.                      :
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

Petitioner Justin Gonzalez ("Gonzalez" or "Petitioner"), proceeding *pro se*, seeks a writ of

habeas corpus under 28 U.S.C. § 2254 challenging his 2014 judgment of conviction for assault in

the first degree, assault in the second degree, resisting arrest and criminal mischief in the fourth

degree. (ECF No. 1.) Respondent moved to dismiss the petition pursuant to Federal Rules of Civil

Procedure § 12(b)(6) ("Rule 12(b)(6)") on the basis that the proceeding was time-barred. (ECF No.

20.) Now pending before the Court is a Report and Recommendation ("R & R") issued by

Magistrate Judge Andrew E. Krause ("MJ Krause"), pursuant to 28 U.S.C. § 636(b) and Federal

Rule of Civil Procedure 72(b), recommending that the petition be denied. (ECF No. 27.) For the

following reasons, the Court adopts the R & R, and the petition is DENIED without opposition.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case,

including the underlying criminal proceedings and Petitioner's appellate challenges to his

conviction. Further details can be found in the R & R, which this Court adopts.

On May 7, 2013, Petitioner pleaded guilty in New York State Supreme Court, Sullivan

County, to a superior court information charging him with assault in the second degree, resisting

arrest and criminal mischief in the fourth degree. *People v. Gonzalez*, 138 A.D.3d 1353 (3rd Dept.

2016). Prior to sentencing, defendant was charged in second incident and pled guilty to assault in

the first degree. *Id.*   In accordance with the plea agreements, Petitioner was sentenced to concurrent prison terms of seven years to be followed by concurrent terms of post release supervision. *Id.* In August 2015, Petitioner filed an appeal challenging his convictions. *Id.* In April 2016, the state appellate court affirmed Petitioner's judgment of conviction and denied his challenge to the sentence. *Id.* Though Petitioner alleges that he sought leave to appeal to the New York State Court of Appeals, no such record exists.

In July 2018, Petitioner moved before the New York State Supreme Court, Sullivan County, pursuant to N.Y. C.P.L § 440.10, to overturn his convictions. Petitioner's motion was denied and thereafter he sought leave of the intermediate appellate court to appeal. In October 2018, leave to appeal was denied. Petitioner, thereafter, filed the instant petition.

## STANDARDS OF REVIEW

### I.   Habeas Petition Reviewing a State Court Decision

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). To grant a writ, a district court must ensure that a petitioner has complied with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 USC § 2254. Provided a petition meets the procedural requirements of the AEDPA, the Court may consider the merits of the petitioner's state court conviction. The AEDPA imposes a one year limitation period for filing a petition. 28 U.S.C. § 2244(d)(1).   When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008).

A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

## II. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact."   Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'"   *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, the R & R was issued on February 19, 2021, and to date no objection has been filed. Since Petitioner failed to file any objections, the Court has reviewed MJ Krause's R& R for clear error and found none. As more fully discussed in the R & R, MJ Krause determined that Petitioner failed to timely file this petition, found no basis for tolling of the limitation period, and noted that despite pleading guilty in state court, Petitioner made no claim of innocence. Lastly, it is clear from the record that Petitioner's assertion that he was denied effective counsel lacks merit.

## CONCLUSION

For the reasons given, the Court adopts MJ Krause's R & R in its entirety. The petition for a writ of habeas corpus is therefore denied. The Clerk of Court is directed to enter judgment accordingly, terminate the case, and send a copy of this Order to Petitioner at his last known address.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated:      March 15, 2021                                    SO ORDERED:
            White Plains, New York

                                                            _____
                                                            NELSON S. ROMÁN
                                                            United States District Judge

4